May it please the court, Ms. Moricia, good morning. So what I was going to start off with was the idea from my favorite movie, The Big Lebowski, when Smokey goes over the line and Walter Sobchak says in terms I can't use in here, am I the only one that cares about the rules? And in light of the last argument we have, it's kind of the opposite argument in so much as in the last argument Attorney General Barr was saying, well, this immigrant did not exactly follow the rules correctly as listed in the regulations and so therefore he doesn't have relief available to him. I've got the opposite argument. In the certified record I sent ICE a letter saying, hey, I've got this notice of intent for you to summarily deport my client to El Salvador and I need the documents that you have. Here's the code, here's the timeline as I have it set up. They send me those documents and they're supposed to wait, I believe, ten days. Then they immediately send my client to El Salvador in contravention of the United States Code and the Code of Federal Regulation, giving him no opportunity to contest the idea that there is proof that is clear and convincing and unequivocable that he's been convicted of an aggravated felony. Counsel, assuming that there is this violation of the rules and the statute and probably a constitutional violation as well, is this panel free to presume that that results in prejudice? Yes, Your Honor. You should be free and in fact I'm encouraging you now to hold. But under our case law are we free to do that? To be honest, Your Honor, I don't have a lot of case law on that. I haven't found a lot of cases with this sort of factual circumstance. I think that you should presume prejudice under the sort of due process idea that he should be given an opportunity for even the mildest of hearings, which could include simply counsel giving written arguments. And Your Honor should presume that. Can I back up to the jurisdictional point? Yes. As you know, there's a written separate motion to dismiss and of course they've raised it in their brief. And they say that we don't have any jurisdiction over the May removal order and that you're not really appealing the reasonable fear case. So therefore they say we don't get to any other issues in the case because we have no jurisdiction at all. Okay. So I've had a little trouble understanding that argument to be perfectly honest with you. It's based on what we've done in many civil cases and other cases. So it's not frivolous. Right. I don't think it's frivolous either. I wasn't suggesting that. Well, you said you didn't understand it. Well, I'm just admitting to my own. Okay. Well, you're not at issue here. Go ahead. So then what I'm hearing then is the result of that is that if ICE, therefore, Immigration and Customs Enforcement, ICE, can just remove people anytime they think that they've committed an aggravated felony, they are not required to really follow the law and let their attorney argue that they've been convicted of an aggravated felony. And then not only that, then they don't have any remedy in this court or in any other court then. Well, motions for stay, we get them all the time. Help me with why that isn't what's in order. So a motion for stay is something different. A motion for stay with ICE is a form that's filed discretion. It's an I-246. No, I'm talking with us once we have the case. Go ahead. Or any other court has the case. Proceed. Okay. So you're talking about a stay filed with you guys so that there's a case... Yeah, we're judges, not guys, but go ahead. Or with you all, excuse me. There's a petition for review filed, say, from the Board of Immigration Appeals, right? And so the case has gone to the IJ, then to the Board of Immigration Appeals. I file, let's say, a petition for review and I ask for a stay. In this case, we've had none of that before the stay. None of that. We've had an ICE agent that said, Mr. Cardoza, I think that you've been convicted in a migrated felony. He runs and hires an attorney, me. I send them a letter and I say, I want you to send me these documents. And they do, and on the same day, stamp the order, give it to him, send him to El Salvador. So I'm not sure where the stay comes in, to be honest with you, because would it be at that point, then, that I seek a stay with you all based on the ICE officer issuing this fiat that he believes that there's clear and convincing and unequivocal evidence that there is? I think they're filed first in the district court, but help me if I'm not... No. ...for following your argument. No, they're not. You have the certified record. The certified record shows this, is that an ICE agent served my client with this order that says, I, ICE agent, think that you have been convicted of a migrated felony. My client hires me, I send him a letter. I said, the code requires you to send me these documents. After I get them, I have 10 days to respond to you. And they just remove him anyway. Like the last person was saying that this is the first time a court has ever heard this. I mean, no disrespect to my colleague, but the BIA has heard that case. The IJ has heard that case. Nobody's ever heard this case. You are the first judicial officers after an ICE agent, a police officer, essentially makes his legal determination of an aggravated felony conviction. And then they didn't follow the code to boot. So not only was I not able to make an argument, I wasn't able to make a record at all. And so... Let's follow up on that, counsel. Given that whether or not his crime of conviction was an aggravated felony under federal law, and given that that's a legal question, what good would additional time or response be? How was he prejudiced? Okay. So he's prejudiced because I wanted to do a brief that frankly would have been even more in depth than the one I gave you guys to explain that this is not an aggravated felony. And I didn't get to do that. I'm not a witness, but this is what I do. I mean, I get referred these cases to do these crim immigration cases to argue them to the immigration judge and the BIA. And he hired his attorney and he wanted to make that argument. I frankly, I don't know, this might sound boastful, but I think I could convince an ICE agent that it's not an aggravated felony. In fact, I've noticed over the course of my practice that we used to have these fraudulent practice cases. Now they get bonds on those. They used to say those were aggravated felonies. They used to say that possession with intent to deliver cocaine was an aggravated felony until I convinced the IJ in Omaha that that wasn't an aggravated felony. And so, you know, I could have included that in the record. None of that's in the record and you're all fair to say. None of that's in the record, Mr. Bergman, which is my point. I didn't get a chance to advocate on behalf of my client at all. As Judge Woolman pointed out, this is a Kafka-esque type bureaucracy. My Salvadoran immigrant client does not have the capability to make those arguments and he wanted to make those arguments to show that there is not clear and convincing and unequivocal evidence that this is an aggravated felony. I want to save just a little bit of time for rebuttal, so I'm going to sit down now. Thank you. You may. Ms. Murcia? Good morning. I'm sorry. You're fine. It's still morning. Good morning, Your Honors. Lisa S. Murcia for the Respondent, the Attorney General. Your Honors, I would like to start today just addressing your question about jurisdiction to start with because I think there's a little bit of confusion about that and I'd like to clear that up. As Your Honors remember, or as you alluded to, the Respondent filed a motion to dismiss in Petition for Review 18-2146 on June 8, 2018. At that time, we were arguing that there was not a final order of removal in this case because at that time, the Petitioner, in this case, still had pending reasonable fair proceedings. And in accordance with positions that we've taken in other circuits and in which other circuits have agreed with us, specifically Ortiz-Alfaro v. Holder in the Ninth Circuit, we were stating that because all of the proceedings for both relief and removal had not completed at that time, that there was no longer, I'm sorry, that there was not yet a final order of removal in that case. That both the question of relief and the question of removal had to be finished before a Petition for Review could be filed before this Court. Now, in the meantime, the second Petition for Review under 18-2446, correctly filing a Petition for Review of the negative reasonable fair proceeding in which he could also challenge the underlying removal. So we are not stating that there is no jurisdiction of this Court over the because this Court has jurisdiction over it in 18-2446. However, it does not have jurisdiction over it in 18-2146. So we're asking you to continue having, well, limited jurisdiction as we'll get to eventually, in 18-2446, continue having jurisdiction over the final administrative removal order there, but dismiss 18-2146 on the basis that this Court never had jurisdiction. So do we have to resolve the, is the forgery conviction an aggravated felony or not? Yes. Okay, you think we have to regardless? Yes. Because this Court, I'm sorry, you're on. Because this Court has jurisdiction over it in Petition for Review 18-2446, the second Petition for Review is correctly filed and timely filed of the, both the relief and the removal question. Okay, so let's dig right into that. Okay. So there was a violation of statute and he wasn't given the requisite 10 days to respond. What's the implication of that? Well, Your Honor, we say assume error here because we think that there's a little bit of question in the record about whether or not there was actually an error here. So I'd like to start off in stating what happened here, essentially. So what happened here was that a notice of intent was issued on May 7th. And the notice of intent clearly states that he was convicted under Iowa State law and that he's being, that there is the intention to file a, I mean, to issue a final administrative removal order on the basis that he's an aggravated felon under 1101A43R relating to forgery. So he has 10 days to respond to that, to that initial notice of intent. On the 10th day, Petitioner sends a letter to the DHS. There's a, it's actually a little bit confusing in the record, but he says that there perhaps wasn't the other side of the copy given. However, in the record, the petitioner's thumbprint, even though he refused to sign it, is clearly there, clearly on the second page. But the petitioner in that second page doesn't say if he's going to challenge the initial notice of intent. But he does file this letter within 10 days. Now, for whatever reason, the DHS officer who initially issued the notice of intent isn't the one that responds to him. It's an OCC officer. I'm sorry, an OCC chief counsel, an office of chief counsel, DHS officer responds to him by email. And at that point, the DHS officer, at the same time, for some reason, issues the final administrative removal order. So the reason I want to explain that, Your Honor, is because I'd like to explain what exactly is happening here. So he clearly knows that he is, that this, this final administrative removal order, that's a bit of a mouthful, so I hope you don't mind if I shorten it to Farrow from now on. He clearly knows that this Farrow is being issued on the basis of his Iowa conviction. There's no question about that. And the petitioner has repeatedly conceded that he knows what, that he was convicted of this Iowa conviction, of this, under this Iowa statute. So there's no question about that. So the only thing that he is stating here is, I want some more time to possibly submit additional evidence and a rebuttal. So as we argued in our brief regarding the prejudice prong of this, what he's essentially saying is, all I want to do is respond to this notice to appear with additional evidence. But he hasn't alleged that there's any additional evidence out there. He has conceded that he has, that he was convicted under the Iowa statute. So what exactly is he supposed to additionally submit here? The only- As I understand it, Mr. Bergman, like he was able to convince somebody in Omaha that cocaine isn't a serious crime or a felony, why could he not have persuaded this responsible immigration officer to agree, saying that Iowa, it's not a felony? Well, Your Honor, as we extensively argue in our brief, there's precedent in this court, United States versus Chivarri-Abrito, that specifically says that the statute that we are contesting here is an aggravated felony. So there's no, he cannot show prejudice in this respect. He's clearly an aggravated felon. He has clearly conceded that he has been, that he was convicted under the Iowa statute here. There are no remaining questions for the DHS to address here. It would honestly be an exercise of futility to remand this to the DHS. To use the overworked basketball metaphor, no harm, no fall. I wouldn't expect you to agree with that, but you're basically arguing, what's the point? This thing is settled. Maybe we should have done it differently. Well, that's the question of prejudice here. Well, prejudice. I mean, that's the question of prejudice. And that is what this, you know, to go to Judge Grass's point earlier, that is the question of prejudice here. That he simply can't show that there was any other outcome. That is the standard of prejudice here. That the two cases that I cited in my brief regarding prejudice specifically had to do with evidence for a reason. And one of them, it was a question of evidence that was brought up to the board. So that this court was looking at it in the first instance, sort of like it's doing here. And in that circumstances, the court found that there was no prejudice because the petitioner hadn't alleged that there was any other evidence that he could have submitted. And that's the that he is, he was convicted under the Iowa statute. And as we extensively argue in this brief, in our brief, this court clearly has precedent that said that's an aggravated felony. I mean, on that basis, his due process claim fails. Your Honors, I have 30 seconds left. So if there's any other questions, otherwise I'll simply sum up. Proceed. Thank you very much, Your Honor. Your Honors, Mr. Cordoza is clearly removable for having been convicted of an aggravated felony under this court's precedent in Chivarria-Bredo. Moreover, he cannot demonstrate he was prejudiced by an alleged error by the DHS, where he alleges no additional facts that could have been submitted for the administrative record. He concedes that he was convicted under the Iowa statute. And it otherwise would be an exercise in futility to remand to the agency. Thank you for your argument, Counselor. Thank you very much. Mr. Bergman. Your Honors, I do not concede that it is an aggravated felony. What do you do about the case of Chivarria-Bredo? As you know, as a lawyer, you can't make a frivolous argument, Counsel. You're right, Your Honor. And that's a pre-Dekamp, D-E-S-C-A-M-P-S case, pre-categorical approach revolution. I know I'm the only fan of the categorical approach in the courtroom right now, but it's an important approach and it protects immigrants. And had I had the chance to get my brief done, that's what I would have done. And I would have had it before you in a way that you would have been convinced that under the categorical approach, regardless whether it says related to or not, these are not aggravated felonies. These are not aggravated felonies. But you know what I would have loved to have done? Is to have made a record. Is to get my arguments down. And you know what maybe would have happened then? Is then the case wouldn't have gone through the expedited removal proceeding. Maybe you would have gotten a notice to appear and been in the immigration court. And then what would we have had? We would have had attorneys talking about the law and a judge deciding the law. And then maybe Mr. Cardoso would have been eligible for a bond. Maybe he did have been here with his wife that lives in Norwalk and his little baby that lives in Norwalk. And that's kind of the point. This is due process. And the last time I was in front of, I've never been in front of your honor before, the last time I was in front of your honors, I asked you to think what would be the result of this case. And the result of this is going to be that ICE is going to claim everything's an aggravated felony. Whether it is or not. They're going to say it's simple assault. Well that's an aggravated felony assault. And so here it is. We're not waiting the time because the Eighth Circuit doesn't care if we wait for the time or not. And you're gone. And you're sitting in El Salvador. And so it's an important case. I don't frankly have these sorts of problems. This is the first time this has ever happened in my practice. But it's an important case. And it's not frivolous. And it is not meritless. And it is important. And so Judge Wolman's asked a couple times today what should the ruling be in a paragraph. I'm going to say it should be this. Is that to get Mr. Cardoza back from El Salvador. To turn himself in at a port of entry. And to give Mr. Bergman and Mr. Cardoza the time to develop the record and arguments as required by the United States Code. Thank you your honors. Thank you the argument counsel. And case number 18-2146 and 18-2446 are submitted for decision by this court. That concludes our docket. And we'll be in recess until 9 a.m. tomorrow morning.